# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Matthew R. Blais, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Boston office of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been an HSI Special Agent since 2025. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia and Charleston, South Carolina, where I received training to become a federal agent; specifically, I received a certification in the Criminal Investigator Training Program and the HSI Special Agent Training Program. Prior to my employment with HSI I was a Customs and Border Protection ("CBP") Officer from 2019 until 2025. I have a Bachelor of Arts degree in Criminal Justice with a minor in Philosophy from Norwich University.

2. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement of minors, the transfer of obscene material to minors, and transportation of minors, including but not limited, to violations of 18 U.S.C. §§ 1470, 2422, 2423, 2251, and 2252A. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and I have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).[1] My specialized child exploitation training includes

[1] "Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." *See* 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where I use that term

the completion of the Internet Crimes Against Children ("ICAC") Investigative Techniques course hosted by the Massachusetts State Police.

3. I submit this affidavit in support of a criminal complaint charging Bobby PRIETO, YOB 1990, of the Philippines, with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1).

4. The facts contained in this affidavit are based in part on: information provided by HSI and Customs and Border Protection ("CBP") agents; my review of evidence; other information about this investigation that I have received, directly or indirectly, from other law enforcement agents; and my experience, training, and background as a Special Agent with HSI, as well as the experience, training, and background of other agents who have extensive experience investigation child exploitation offenses. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every fact known to me concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

**PROBABLE CAUSE**

5. The National Center for Missing & Exploited Children ("NCMEC") was incorporated in 1984 as a private, non-profit organization to serve as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. NCMEC also works with electronic service providers ("ESPs"), law enforcement, and the public to reduce online child sexual exploitation.

6. NCMEC launched the CyberTipline in 1998 to serve as the national online clearinghouse for tips and leads about child sexual exploitation. The CyberTipline is the method

---

in this affidavit, it is to refer to child pornography as defined by federal statute.

through which the public and electronic service providers ("ESPs") may report the enticement of children for sexual acts, extra-familial child sexual molestation, child pornography or child sexual abuse material (CSAM), child sex tourism, child sex trafficking, unsolicited obscene materials sent to a child, misleading domain names, and misleading words or images on the internet.

7. Pursuant to 18 U.S.C. § 2258A, ESPs must report the facts and circumstances of apparent violations of certain federal statutes related to child exploitation, including §§ 2251 and 2252A, that are committed with or through the use of their services. 18 U.S.C. § 2258A(1)(a). Those reports must be made to the CyberTipline and must include information related to the identity of the individual who appears to have committed the violations, information related to the geographic location of the individual, information regarding the transmission and discovery of the reported content, and copies of apparent child pornography related to the reported incident. 18 U.S.C. § 2258A(1)(b).

8. PRIETO has previously been the subject of approximately 75 CyberTipline reports related to CSAM. He currently serves as a crew member on the Norwegian Jewel, a cruise ship operated by Norwegian Cruise Line that is capable of carrying more than 2,300 travelers.

9. On September 24, 2026, the Norwegian Jewel arrived at Flynn Cruiseport Boston, the main passenger cruise ship terminal for the city of Boston. The vessel had recently departed from Canada, anchored offshore of Portland, Maine, where only passengers disembarked for several hours, and then proceeded into international waters before arriving in Boston. Upon arrival at Boston's cruise ship terminal, all passengers, crew, and merchandise were subject to inspection by CBP officers for admission into the United States.

10. CBF officers conducted a border search of PRIETO's person. CBP officers located an OPPO mobile phone (a Chinese cell phone brand), model CPH2591, in PRIETO's pants pocket.

CBP officers conducted an additional border search of PRIETO's personal belongings, including a bag located inside PRIETO's wall locker, and located an additional OPPO cell phone, model CPH2773.

11. During the secondary examination of PRIETO's electronic devices, CBP officers observed multiple images and videos within WhatsApp and Telegram group chats[2] depicting prepubescent minors engaged in sex acts. CBP officers subsequently contacted HSI to continue the border search.

12. HSI agents conducted a preliminary review of PRIETO's electronic devices.[3] During this preliminary review of PRIETO's devices, HSI observed more than 200 media files on one device and more than 1,000 media files on the other device containing suspected CSAM. Examples of the files include the following:

a. An untitled video file, 56 seconds in length, was located within a WhatsApp chat between PRIETO and an individual using the username "Me Bob." It appears that PRIETO may have been communicating with himself to transfer images between his two devices, as the "Me Bob" account uses the same phone number as PRIETO and the username corresponds to PRIETO's first name, Bobby. The video file was sent on May 23, 2026 at 8:01 P.M. It depicts a young girl, who appears to be approximately 9 to 12 years old based on her overall body size, lack of pubic development, and facial features. The girl is lying on her back, naked from the waist down with her legs spread apart, exposing her vagina. An adult male hand can be observed moving the girl's hand to the side and touching her vagina.

[2] WhatsApp and Telegram are end-to-end encrypted communications applications.

[3] A full extraction will be conducted later at the HSI Boston Forensics Laboratory.

b. An untitled image file located within the WhatsApp chat referenced above. The file was sent on April 30, 2026 at 3:56 P.M. It depicts two young girls, who appear to be approximately 3 to 6 years old based on their overall body size, lack of pubic development, and facial features. [description omitted]

c. A video file located within a file folder called "Calculator_Lock." The video file is one minute and fourteen seconds long. [description omitted] The girl appears to be approximately 5 to 8 years old based on her overall body size, lack of pubic development, and facial features. [description omitted]

13. HSI agents also observed other Telegram and WhatsApp chats containing suspected CSAM. One such Telegram chat included a message advertising prices for media files of child pornography, stating in relevant part, [quotation omitted][4]

14. HSI agents interviewed PRIETO after identifying CSAM on his devices. The interview was audio recorded. HSI advised PRIETO of his *Miranda* rights in writing and verbally. PRIETO stated that he understood his rights, waived them in writing, and agreed to speak with law enforcement. PRIETO answered most questions in English. An associate of PRIETO, who had also been traveling on the Norwegian Jewel, helped clarify a few questions that PRIETO appeared

[4] Based on my training and experience, I know that "CP" is a common acronym for child pornography.

to have difficulty understanding. When PRIETO struggled to respond in English, his associate provided translation.

15. During the interview, PRIETO confirmed ownership of the two mobile phones that CBP officers had seized for inspection. PRIETO admitted that he received child pornography via WhatsApp communications from unknown senders. PRIETO claimed that the images automatically saved to his device after he opened the files to view them. PRIETO was shown sanitized still images that were taken from the video referenced in Paragraph 12(c) above, in which an adult male vaginally penetrates a young girl who appears to be approximately 5 to 8 years old. PRIETO confirmed that he was the adult male depicted in the video. He also identified the girl [redacted].

**CONCLUSION**

16. Based on all of the foregoing, I submit that there is probable cause to believe that on or about September 24, 2026, PRIETO knowingly transported any child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(1).

Respectfully submitted,

______________________________
Special Agent Matthew R. Blais
Homeland Security Investigations

Sworn to me via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on this

____ day of September, 2026.